**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLES M. WOODS, II,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-01055-O-BP** |
| | § | |
| **TMX FINANCE INC.,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Charles M. Woods, II ("Woods") sued Defendants on October 17, 2023. ECF No. 1. The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. By Order dated October 31, 2023, the Court granted Woods's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2), subject to judicial screening under 28 U.S.C. § 1915. ECF No. 5. To better evaluate his allegations, the Court ordered Woods to answer a Questionnaire concerning his claims by January 9, 2024. ECF No. 6. Woods did not comply, and the Court *sua sponte* extended the deadline to January 12, 2024. ECF No. 7. The Court warned Wood that noncompliance "**could result in a recommendation that his case be dismissed** pursuant to 28 U.S.C. § 1915 and Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* By Order dated January 29, 2024, the Court again extended the deadline for Woods to comply to by February 5, 2024, and warned him a second time that failure to comply risked a dismissal recommendation. ECF No. 8. To date, Woods has neither complied with the Court's Orders nor submitted any other pleading explaining his delay.

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court orders. *See* Fed. R. Civ. P. 41(b). This authority flows from a court's inherent power to manage its

docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But dismissals with prejudice for want of prosecution are considered an extreme sanction. *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite two clear warnings that noncompliance could result in dismissal of his case under Federal Rule of Civil Procedure 41(b), Woods did not comply with the Court's orders or file a pleading to explain his delay. Absent compliance with the Court's orders, this case cannot proceed. Because nothing indicates Woods's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long*, 77 F.3d at 880. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on February 6, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE